LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

───────────────────────────────

CESAR MORAN and
JOHN DOE,
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

                Plaintiffs,

      v.

ROMAGICA CORP. d/b/a
      CELESTE RESTAURANT,
QUARIC, LLC d/b/a
      TEODORA RESTAURANT,
ROBERTA RUGGINI,
CARMINE MITRONI and
GIANCARLO QUADALTI,

                Defendants.

───────────────────────────────

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiffs, CESAR MORAN and JOHN DOE,  (hereinafter, "Plaintiffs"), on behalf of

themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby

file this Complaint against Defendants, ROMAGICA CORP. d/b/a CELESTE RESTAURANT,

QUARIC, LLC d/b/a TEODORA RESTAURANT, ROBERTA RUGGINI, CARMINE

MITRONI and GIANCARLO QUADALTI  (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1.  Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime compensation (2) compensation for off-the-clock work, (3) liquidated damages and (4) attorneys' fees and costs.

2.  Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime compensation (2) compensation for off-the-clock work, (3) unpaid spread of hours premium, (4) compensation due to improper deductions for tools of trade, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, CESAR MORAN, is a resident of Queens County, New York.

6.  Defendants own and operate two restaurants with addresses as follows"

    a.   502 Amsterdam Avenue, New York, NY 10024 ("Celeste Restaurant"); and

    b.   141 E. 57th Street, New York, NY 10022 ("Teodora Restaurant"),

    (together, the "Restaurants").

7.   Upon information and belief, Defendant, ROMAGICA CORP. d/b/a CELESTE RESTAURANT, is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 502 Amsterdam Avenue, New York, NY 10024.

8.   Upon information and belief, Defendant, QUARIC, LLC d/b/a TEODORA RESTAURANT, is a limited liability company organized under the laws of New York, with a principal place of business and an address for service of process located at 141 E. 57th Street, New York, NY 10022.

9.   Upon information and belief, Defendant, ROBERTA RUGGINI, is a principal of Defendants, ROMAGICA CORP. d/b/a CELESTE RESTAURANT and QUARIC, LLC d/b/a TEODORA RESTAURANT.   ROBERTA RUGGINI exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs at both Restaurants. With respect to Plaintiffs and other FLSA Collective Plaintiffs, she exercised her power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. Upon information and belief, Defendant, CARMINE MITRONI, is principal of Defendants, ROMAGICA CORP. d/b/a CELESTE RESTAURANT and QUARIC, LLC d/b/a TEODORA RESTAURANT. CARMINE MITRONI exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs at both Restaurants. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

11. Upon information and belief, Defendant, GIANCARLO QUADALTI, is a principal of Defendant, ROMAGICA CORP. d/b/a CELESTE RESTAURANT. CARMINE MITRONI exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs at the Celeste Restaurant. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

12. ROMAGICA CORP. d/b/a CELESTE RESTAURANT and QUARIC, LLC d/b/a TEODORA RESTAURANT operate as a single integrated enterprise. The Restaurants share a common ownership structure and are engaged in the same type of business. Although Plaintiff MORAN worked at the Celeste Restaurant that is operated by ROMAGICA CORP., Plaintiff MORAN's paystubs were issued through the Teodora Restaurant that is operated by QUARIC, LLC. Employees and merchandise are interchangeable among the Restaurants.

13. At all relevant times, each of Defendants, ROMAGICA CORP. d/b/a CELESTE RESTAURANT and QUARIC, LLC d/b/a TEODORA RESTAURANT, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

16. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving, and the proper overtime compensation at the rate of one and one-half times the regular times the regular rate. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

19. On or about January 2006, Plaintiff, CESAR MORAN, was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' Celeste Restaurant located at 502 Amsterdam Avenue, New York, NY 10024.

20. CESAR MORAN worked for Defendants until on or about September 30, 2015.

21. During the employment of Plaintiff, CESAR MORAN, by Defendants, he worked over forty (40) hours per week. During CESAR MORAN's employment by Defendants, he worked over ten (10) hours per day.

22. Specifically, CESAR MORAN worked 6 days a week as follows: Mondays through Thursdays from 12pm to 11pm; Saturdays from 11am to 11:30pm; and Sundays from 11am to 10:30pm; for a total of 68 hours per week. Plaintiff was required to work through his entire shifts without and meal breaks.

23. Throughout his entire employment, Plaintiff CESAR MORAN was compensated a straight-time hourly rate equal to the relevant statutory minimum wage. At all times, Plaintiff CESAR MORAN was paid the minimum wage rate for hours worked, including his overtime hours. Plaintiff's hourly rates were as follows:

(a) From the beginning of his employment until December 31, 2013, Plaintiff was paid a straight-time hourly rate of $7.25.

(b) From January 1, 2014 until December 31, 2014, Plaintiff was paid a straight-time hourly rate of $8.00.

(c) From January 1, 2014 until the end of his employment, Plaintiff was paid a straight-time hourly rate of $8.75.

However, Plaintiff was not paid for all hours worked due to Defendants policy of time shaving in which Defendants arbitrarily reduced Plaintiff's hours.

24. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs for off-the-clock work. Even though CESAR MORAN worked 68 hours or more a week, on average he was paid for only 60 hours resulting in 8 unpaid overtime hours per week.

25. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA and the New York State overtime rate of one and one-half rimes the regular rate for all hours worked above forty (40) per week.

26. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

27. Beginning in January 2014, Defendants knowingly and willfully operated their business with a policy of improperly forcing Plaintiffs to send their kitchen uniforms out for dry cleaning on a bi-weekly basis through a laundry service. Plaintiffs and FLSA Collective Plaintiffs were improperly paying for uniform maintenance. Plaintiffs and FLSA Collective Plaintiffs were charged $20 biweekly for such services.

28. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

29. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

30. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiffs reallege and reaver Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, each of Defendants, ROMAGICA CORP. d/b/a CELESTE RESTAURANT and QUARIC, LLC d/b/a TEODORA RESTAURANT had gross revenues in excess of $500,000.

35.  At all relevant times, the Defendants had a policy and practice of time shaving and refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all their compensation earned due to off-the-clock work.

36. At all relevant times, Defendants failed to properly compensate Plaintiff and FLSA Collective Plaintiffs for their overtime hours at a rate of one and one-half times the regular rate for all hours worked over (40) per week.

37. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

41. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).


### COUNT II

### <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

42. Plaintiffs reallege and reaver Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

44. Defendants willfully violated Plaintiffs' rights by failing to properly compensate Plaintiffs for their overtime hours at a rate of one and one-half times the regular rate for all hours worked over forty (40) per week.

45. Defendants willfully violated Plaintiffs' rights by operating their business with a policy and practice of time shaving and refusing to pay Plaintiffs for all their compensation earned due to off-the-clock work.

46. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

47. Defendants willfully violated Plaintiffs' rights by operating their business with a policy and practice of causing employees to pay for uniform costs.

48. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

49. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

50. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

d.      An award of unpaid compensation due to Defendants' policy of time shaving, under the FLSA and the New York Labor Law;

e.      An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and compensation for off the clock work pursuant to 29 U.S.C. § 216;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, compensation for off the clock work and "spread of hours" premium pursuant to the New York Labor Law;

h.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for costs of uniforms:

i.      An award of statutory penalties, and prejudgment and postjudgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 20, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By: ____/s/ C.K. Lee_____
        C.K. Lee, Esq. (CL 4086)